UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLIAM PIERCE,

                            Plaintiff,

               -against-

ABC CARPET CO., INC., et al.

                         Defendants.
-------------------------------------------------------X

          04 CV 1218 (RPP)

         **OPINION & ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On February 13, 2004, Plaintiff William Pierce ("Pierce"), a former carpet installer for Defendant ABC Carpet Co., Inc. ("ABC"), filed this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the New York Minimum Wage Act, N.Y. Labor Law §§ 160, 193 et seq. Plaintiff filed an Amended Complaint on October 28, 2009. Plaintiff alleges that ABC and co-defendants Jerome Weinrib ("Weinrib") and Paul Chapman ("Chapman") (collectively "Defendants") failed to pay him overtime wages to which he was entitled and made improper deductions from his wages. (See Am. Compl. ¶¶ 1-2, 21-34) Plaintiff claims that he is (1) owed back wages, overtime pay, and other employee benefits and expenses for which he did not receive full and due compensation; and (2) entitled to liquidated damages. (See id. ¶ 35.)

      By letter motion dated May 30, 2013, Plaintiff seeks to withdraw his previous request for a bench trial, which was contained in a joint pre-trial order, and instead seeks a jury trial. For the reasons stated below, Plaintiff's motion is granted.

**I.   Facts**

      In both Complaints, Plaintiff demanded a jury trial. (See Compl. at 10; Am. Compl. at 7.) On or about October 6, 2011, however, the parties submitted the first Joint Pre-Trial Order

("2011 JPTO"), which stated that "Pursuant to FED. R. Civ. P. 38(b), <u>Plaintiff demands a bench trial</u> on all questions of fact raised by the Amended Complaint." (2011 JPTO ¶ (c) (emphasis added).)

On April 25, 2013, this case was transferred from the Honorable Deborah A. Batts to this Court. On April 30, 2013, this Court held an initial conference with the parties, during which Plaintiff reiterated his desire for a bench trial; counsel for Defendants, however, advised the Court that Defendants were withdrawing their previous consent to a bench trial and instead demanding a jury trial. Accordingly, at the conclusion of the conference, the Court entered a scheduling order setting a jury trial date of May 29, 2013, and requiring the submission of <u>voir dire</u>, the joint pre-trial order, and motions <u>in limine</u> by May 14, 2013. (<u>See</u> Order, April 30, 2013, ECF No. 28.) The parties then commenced preparation for a jury trial.

By letter dated May 7, 2013, however, Defendants withdrew their request for a jury trial and consented to Plaintiff's request for a bench trial; the Court endorsed Defendants' letter on May 8, 2013, ordering a bench trial to begin on May 29, 2013. (<u>See</u> Order, May 8, 2013, ECF No. 29.)

On May 13, 2013, the parties engaged in a settlement conference in which they consented to the Court acting as mediator. On May 16, 2013, the parties submitted the second Joint Pre-Trial Order ("2013 JPTO"), which again stated that "Pursuant to FED. R. Civ. P. 38(b), <u>Plaintiff demands a bench trial</u> on all questions of fact raised by the Amended Complaint." (2013 JPTO ¶ (c) (emphasis added).)[1]

On May 21, 2013, the Court's clerk contacted Plaintiff's counsel <u>ex parte</u> to discuss scheduling matters and to inquire, on the Court's behalf, how Plaintiff intended to prove

---

[1] Neither the 2011 JPTO nor the 2013 JPTO was signed by the Court.

damages for 1999 at trial, since Defendants maintained that the 1999 weekly work records Plaintiff submitted to ABC for payment had been destroyed in a fire.  On May 21, 2013, Plaintiff submitted a letter containing authorities responding to this question.  Defendants have since discovered the records.

On May 22, 2013, Plaintiff's counsel contacted the Court's law clerk and Defendant by phone and requested an emergency adjournment of the scheduled trial date due the illness of Plaintiff's wife, Mrs. Petrin Pierce, a trial witness for Plaintiff who still needed to be deposed by Defendant.  Plaintiff's counsel also stated that Plaintiff wished to withdraw his previous request for a bench trial due to the Court's participation in the May 13, 2013 settlement conference. Defendants' counsel, however, informed the Court that Defendants would not consent to a jury trial.  Accordingly, a briefing schedule was set.

By letter dated May 24, 2013, Defendants responded to Plaintiff's May 21, 2013 letter by arguing that Plaintiff would be unable to prove damages at trial.  Among other support for this argument, Defendants' counsel cited the depositions taken of the lead plaintiffs in the related class action Lee v. ABC Carpet & Home, No. 00 CV 984, and quoted from a document entitled "Joint Memorandum of Points and Authorities in Support of Joint Motion of the parties for Preliminary Approval of the Proposed Consent Decree and of the Proposed Consent Order Providing for Notice to the class, Opportunity to Object or Opt Out, and a Fairness Hearing" ("Joint Motion"), which ostensibly had been jointly prepared by the settling parties in the Lee action.  (See Def.'s Letter at n.3, May 24, 2013, ECF No. 35.)

By letter dated May 24, 2013, Plaintiff responded by asserting that because Plaintiff was not a party in the Lee action, Plaintiff did not have access to the depositions and document Defendants cited in their May 24, 2013 letter.  Plaintiff requested a Court order compelling

3

Defendants to provide Plaintiff with copies of these documents.  The Court granted Plaintiff's request on May 28, 2013.  (See Letter Endorsed Order, May 28, 2013, ECF No. 34.)

On May 29, 2013, Defendants submitted a letter to the Court in which it attached pages from the depositions it referenced in its May 24, 2013 letter as well as "the page from the Joint Motion in support of the settlement, which was drafted by Plaintiffs' counsel [in the Lee case], and which is cited in footnote 3 [of Defendants' May 24, 2013 letter]."  (Def.'s Let. at 3, May 29, 2013.)  Defendants further stated that the "full Joint Motion will be filed and available to the public and [Plaintiff's counsel] later this week."  (Id.)

The Court subsequently received a letter dated May 31, 2013 from Richard Seymour, counsel for the lead plaintiff and the class in the Lee action, in which Mr. Seymour asserted that Defendants' had breached the confidentiality of their settlement negotiations and misled the Court.  (See Seymour Letter at 1-2, May 31, 2013, ECF. No. 36.)  Seymour states that Defendants' "purported quotation [from the Joint Motion contained in Defendants' May 24, 2013 letter] did not appear in either side's drafts of the [Joint Motion] in existence on May 24, 2013 or May 29, 2013."  (Id. at 2.)  Instead, this language appeared in a prior draft created by Mr. Seymour in April, and had since been deleted.  Accordingly, Mr. Seymour argues that "[i]f Defendants wish to call an expert witness to make their points [regarding Pierce's ability to prove damages here], they may do so.  What they may not do is twist rejected language from earlier drafts of a document in another case and present it as some kind of factual or legal authority."  (Id.)

## II.  Legal Standard

Rule 38 of the Federal Rules of Civil Procedure provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute –

is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Rule 38(b) establishes the mechanics for how a party may demand a jury trial. <u>See</u> Fed. R. Civ. P. 38(b). Rule 39(a) provides in pertinent part that where a jury trial demand has been made, "[t]he trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Although a presumption exists against finding that a party waived the right to a jury trial, <u>see</u> <u>Nat'l Equip. Rental, Ltd. v. Hendrix</u>, F.2d 255, 258 (2d Cir. 1977), a party may waive his right to a jury trial in a variety of ways, <u>see</u> <u>Kahn v. Gen. Motors Corp.</u>, 865 F. Supp., 210, 212 (S.D.N.Y. 1994), such as by failing to object to or acquiescing in a bench trial, <u>see</u> <u>Royal Am. Managers, Inc. v. IRC Holding Corp.</u>, 885 F.2d 1011, 1018 (2d Cir. 1989). As long as the waiver is "recorded in the pretrial order," it is immaterial whether it was made on the record. <u>See</u> <u>Khan</u>, 865 F. Supp. at 212.

In situations where a jury trial has been improperly demanded, Rule 39(b) grants the trial court discretion to "on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Rule 39(b) "has been construed also to encompass circumstances where a jury was properly demanded but later waived." <u>Texas v. Penguin Group (USA), Inc.</u>, No. 12 CV 3394, 2013 WL 1759567, at *11 (S.D.N.Y. April 24, 2013) (citing <u>Cascone v. Ortho Pharm. Corp.</u>, 702 F.2d 389, 392 (2d Cir. 1983); <u>Tanvir v. Laporte</u>, 169 F.R.D. 292, 294 (S.D.N.Y. Nov. 15, 1996)); <u>see also</u> <u>Power v. Tyco Int'l., Inc.</u>, No. 02 CV 6444, 2006 WL 1628588, at *6 n.2 (S.D.N.Y. June 13, 2006) (holding that Rule 39b "permits the Court to relieve a party that has first made, and then withdrawn" a demand for a jury trial.). In exercising their discretion to allow or refuse improper jury trial demands, trial court judges should consider

5

"the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary."

Pierce v. Underwood, 487 U.S. 552, 562 (1988); see also Power, 2006 WL 1628588, at *7.

### III. Discussion

Here, Plaintiff complied with Rule 38 by timely making his demand for trial by jury in both his 2004 Complaint and in his 2009 Amended Complaint. (See Compl. at 10; Am. Compl. at 7.) Nevertheless, Plaintiff submitted a written waiver of his right to a jury trial by stating "Plaintiff demands a bench trial on all questions of fact raised by the Amended Complaint" in both the 2011 and 2013 JPTOs. (See 2011 JPTO ¶ (c); 2013 JPTO ¶ (c); see also Khan, 865 F. Supp. at 212.) Plaintiff now seeks to withdraw that waiver.

Plaintiff argues that a bench trial "would be inappropriate given the extent of the ex parte communications Your Honor has had with the parties . . . and defendants' counsels' efforts to persuade Your Honor, as fact-finder, by repeated references to evidence from another action in which plaintiff is not a party." (Pl.'s Let. at 5, May 30, 2013.) Plaintiff contends that the Court's impartiality was compromised by the information it learned by presiding over settlement negotiations and through Defendant's submissions from the Lee case. (Id.) Thus, Plaintiff argues that the Court should not act as fact-finder in this case. (Id. (citing 28 U.S.C. § 455(b)(1); Judicial Code of Conduct Canon 3D).)

The Court's efforts at settlement on May 13, 2013 did involve Plaintiff's counsel setting forth how he intended to prove damages in broad terms. It is the Court's recollection, however, that there was no disclosure of evidence during that discussion. Nevertheless, given Plaintiff's discomfort with a bench trial, Defendants' vacillating demands for bench and jury trials, and the protections of the right to a trial by jury contained in Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff's request to withdraw his waiver is reasonable. Moreover, given that

6

the settlement conference presided over by the Court occurred on May 13, 2013, Plaintiff has presented an adequate justification for not seeking to withdraw his jury trial waiver until May 22, 2013.[2]

Turning to the issue of prejudice to the opposing party, Defendants contend that allowing the case to be tried by a jury would prejudice them because they had already prepared to try the case in anticipation of it beginning on May 29. 2013 and further delay will increase the costs of defense and the disruption to Defendants' business.  (See Def.'s Let. at 5, June 4, 2013.) Defendants, however, demanded a jury trial as recently as April 30, 2013.  At that time, Defendants' trial costs and the potential disruption to Defendants' business did not bother Defendants.  Accordingly, the Court does not see prejudice to Defendants in holding a jury trial now.  Moreover, trial has been delayed due to a witness' illness and Defendants' counsels' schedule.  Defendants' counsel have stated that the earliest they will be available for trial is July 16.  Thus, trial cannot begin for at least a month, providing Defendants with sufficient time to prepare to try this case before a jury.[3]

Therefore, based on the factors discussed in Pierce, the Court, exercising its discretion under Rule 39(b), allows Plaintiff to withdraw his waiver and reinstate his demand for trial by jury.  See 487 U.S. at 562; see also Power, 2006 WL 1628588, at *6-8.  A jury trial will commence at 10:00 a.m. on July 16, 2013.  Deposition of Mrs. Petrin Pierce is to occur by June

---

[2] The Court notes, however, that Defendants first submitted material from the Lee action on May 24, 2013, two days after Plaintiff's counsel informed the Court and Defendants' counsel that Plaintiff sought to withdraw his jury trial waiver.  Accordingly, Plaintiff's argument that Defendants' submission of material from the Lee action motivated his renewed demand for a jury trial is disingenuous.

[3] Moreover, the Court notes that these same counsel represented Defendants in the related Lee action, which was scheduled for a jury trial before the parties agreed to settle.  Given the similarities between the Lee and Pierce cases, the fact that counsel already prepared and submitted proposed voir dire and jury instructions for the Lee case suggests that counsel face a reduced burden to prepare for a jury trial in the Pierce case.

24, 2013.  Requests to charge, proposed _voir dire_, and motions _in limine_ are to be submitted by

June 28, 2013.


      SO ORDERED.


Dated:  New York, New York
        June 11, 2013

                                    Robert P. Patterson, Jr.
                                    U.S.D.J.


Copies of this order sent to:

_Counsel for Plaintiff:_

**Karl J. Stoecker**
Law Offices of Karl J. Stoecker
275 Madison Avenue
New York, NY 10016
212-818-0080
Fax: (212) 818-9055

_Counsel for Defendants:_

**Christopher A. Parlo**
Morgan, Lewis & Bockius LLP (New York)
101 Park Avenue
New York, NY 10178
212-309-6000
Fax: 212-309-6273